United States District Court
Southern District of Texas

**ENTERED**

February 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL S. SIMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-3176 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Original Petition and Brief in Support (Document No. 14). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

This is a banking case arising from the purchase and alleged abandonment of cashier's checks. In October 2008, Plaintiff Darryl S. Simon ("Simon") alleges he purchased cashier's checks (the "Checks") from Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). In October 2017, Simon alleges he attempted to cash the Checks and was notified the Checks had been voided due to inactivity and abandonment. Simon alleges Wells Fargo determined the Checks had been abandoned without attempting to contact or otherwise notify Simon.

Based on the foregoing, on August 15, 2018, Simon filed this lawsuit against Wells Fargo in the 164th District Court of Harris County, Texas. Simon brings claims under the Texas Deceptive Trade Practices Act (the "DTPA") and the Texas Unclaimed Property Act (the "UPA"). On September 7, 2018, Wells Fargo removed the case to this Court on the basis of diversity jurisdiction. On November 6, 2018, Simon filed an amended complaint. On November 20, 2018, Wells Fargo moved to dismiss the amended complaint for failure to state a claim.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs dismissal for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr.*

*Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Wells Fargo moves for dismissal under Rule 12(b)(6), contending Simon fails to state a claim under the DTPA and the UPA. Wells Fargo further moves for dismissal with prejudice. Simon did not respond to the motion to dismiss. Under Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court addresses Wells Fargo's contentions for dismissal of the claims under the DTPA and the UPA, before turning to Wells Fargo's contentions for dismissal with prejudice, in turn.

*A.     The DTPA*

Wells Fargo moves to dismiss the DTPA claim, contending Simon is not a consumer under the DTPA. A plaintiff must be a "consumer" to sue under the DTPA. *Campbell v. DLJ Mortg. Capital, Inc.*, 628 F. App'x 232, 237 (5th Cir. 2015) (per curiam). In relevant part, a consumer is defined as a person "who seeks

3

or acquires by purchase or lease, any goods or services . . . ." Tex. Bus. & Com. Code § 17.45(4). Those goods or services "must form the basis" of the plaintiff's complaint. *Baker v. Countrywide Home Loans, Inc.*, No. CIV A 308-CV-0916-B, 2009 WL 1810336, at *6 (N.D. Tex. June 24, 2009) (Boyle, J.). Exchanging one form of payment for another constitutes an "act[] to acquire money[.]" *Canfield v. Bank One, Tex., N.A.*, 51 S.W.3d 828, 839 (Tex. App.—Texarkana 2001, pet. denied). The plaintiff's acts to acquire money do not confer consumer status under the DTPA. *Id.*; *see also Hand v. Dean Witter Reynolds Inc.*, 889 S.W.2d 483, 497 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (citing cases).

The complaint alleges Simon purchased the Checks from Wells Fargo. The Checks form the basis of the complaint. The complaint's allegations as to the Checks demonstrate Simon exchanged one form of payment for another, thereby engaging in acts to acquire money. Simon's acts to acquire money do not confer consumer status under the DTPA. The Court therefore finds Simon is not a consumer under the DTPA. Thus, the Court finds the DTPA claim should be dismissed for failure to state a claim. Accordingly, the motion to dismiss is granted as to the DTPA claim.[1]

---

[1] Wells Fargo further contends the DTPA claim should be dismissed because: (1) the complaint does not identify which provision of the DTPA was allegedly violated; and (2) the DTPA claim is untimely. However, in light of the Court's holding, the Court need not address these contentions.

*B.    The UPA*

Wells Fargo moves to dismiss the UPA claim, contending the Checks were abandoned. Under the UPA, certain types of personal property are presumed to be abandoned only if, *inter alia*, "the existence and location of the owner of the property is unknown to the holder of the property." Tex. Prop. Code Ann. § 72.101(a)(1). The UPA has certain provisions specifically governing "checks," a definition that includes "cashier's checks." *Id.* § 73.001(a)(5). A check is presumed to be abandoned after a statutorily-designated period of non-use elapses, regardless of whether the existence and location of the owner is unknown to the holder. *Id.* § 73.102. Property presumed to be abandoned must be delivered to the Texas Comptroller of Public Accounts (the "Comptroller"). *Id.* § 74.301. A holder who delivers property presumed to be abandoned to the Comptroller in good faith "is relieved of all liability to the extent of the value of the property delivered for any claim then existing, that may arise after delivery to the comptroller, or that may be made with respect to the property." *Id.* § 74.304(b).

The complaint alleges the Checks were not presumed to be abandoned because the existence and location of Simon, the owner of the Checks, was not unknown to Wells Fargo, the holder of the Checks. However, Simon does not dispute the Checks are subject to the UPA's definition of "checks." Further, Simon does not dispute the UPA's statutorily-designated period of non-use elapsed,

5

creating a presumption of abandonment. The Court finds the Checks were presumed to be abandoned, regardless of whether the existence and location of Simon was unknown to Wells Fargo. Because Simon does not allege Wells Fargo failed to deliver the Checks to the Comptroller in good faith, the Court finds Wells Fargo is relieved from liability under the UPA. Thus, the Court finds the UPA claim should be dismissed for failure to state a claim. Accordingly, the motion to dismiss is granted as to the UPA claim.

## C.    Dismissal with Prejudice

Wells Fargo moves for dismissal with prejudice. A *pro se* plaintiff should generally be "offered an opportunity to amend" before dismissal with prejudice is appropriate. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Further amendments, however, are not required if the plaintiff has already pleaded his "best case." *Id.* On August 15, 2018, the initial complaint (the "Initial Complaint") was filed. On September 14, 2018, Wells Fargo filed a motion to dismiss the Initial Complaint (the "First Motion to Dismiss"). On November 6, 2018, Simon responded to the First Motion to Dismiss. The same day, Simon filed an amended complaint (the "Amended Complaint"). On November 20, 2018, Wells Fargo filed a motion to dismiss the Amended Complaint (the "Second Motion to Dismiss"). The Second Motion to Dismiss raises contentions substantially identical to the contentions raised in the First Motion to Dismiss. The Court finds Simon had an

opportunity to and actually did amend by filing the Amended Complaint. The Court further finds Simon has already pleaded his best case because the Amended Complaint, filed in response to the First Motion to Dismiss, caused Wells Fargo to file the Second Motion to Dismiss, which is substantially identical to the First Motion to Dismiss. The Court therefore finds an additional opportunity to amend is unwarranted. Thus, the Court finds dismissal with prejudice is appropriate. Accordingly, the motion to dismiss is granted as to dismissal with prejudice.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss Plaintiff's Second Amended Original Petition and Brief in Support (Document No. 14) is **GRANTED.**[2]

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, on this __*15*__ day of February, 2019.

_____
DAVID HITTNER
United States District Judge

---

[2] Also pending before the Court are Defendant's Motion to Dismiss and Brief in Support (Document No. 8), Joint Pretrial and Alternate Resolution Report & Motion for Compliance (Plaintiff Pro Se Only) (Document No. 15), and Plaintiff Pro Se's Motion for Partial Summary Judgment (Document No. 16). In light of the Court's holding, these motions are denied as moot.